

**FILED**
**Jun 26, 2019**
**12:40 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD MAY 31, 2019 AT KNOXVILLE)

| | | |
|---|---|---|
| Willis T. Good | ) | Docket No.  2017-05-0597 |
| | ) | |
| v. | ) | State File No.  99668-2015 |
| | ) | |
| Vickers Concrete Reinforcing, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

---

Following the employee's work-related back injury, the parties entered into a settlement agreement that resolved the employee's claim for permanent partial disability benefits and allowed the employee to petition for additional disability benefits once his original compensation period expired.  At the conclusion of the initial compensation period, the employee sought increased benefits, asserting that, although he had returned to work for another employer, the wages or salary he was receiving was less than the wages or salary he received from his employer on the date of his injury and was less than 70% of his pre-injury average weekly wage or salary as provided in Tennessee Code Annotated section 50-6-242(a)(2)(C).  The employer filed a motion for summary judgment, asserting there were no disputed material facts concerning whether the employee's wages with his new employer were greater than the wages he was receiving at the time of his injury.  The trial court denied the employer's motion, concluding a genuine issue of material fact precluded summary judgment.  The employer has appealed.  Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Gregory H. Fuller and Chris T. Rowe, Knoxville, Tennessee, for the employer-appellant, Vickers Concrete Reinforcing, Inc.

Rick L. Moore, Tullahoma, Tennessee, for the employee-appellee, Willis T. Good

## Factual and Procedural Background

The underlying facts of this case are undisputed. Willis T. Good ("Employee") was working for Vickers Concrete Reinforcing, Inc. ("Employer"), when he suffered an injury to his back. Employer accepted the claim as compensable and provided appropriate workers' compensation benefits. Upon being placed at maximum medical improvement, Employee's treating physician assigned an impairment rating of 19%. Employer obtained an evaluation from another doctor who assigned a 15% impairment. The parties subsequently agreed to settle Employee's claim for permanent partial disability benefits based upon a compromised impairment rating of 17%. At the time of the court-approved settlement, the 76.5 weeks of benefits provided in the settlement agreement had not expired, and the agreement provided that Employee retained his right to petition for additional permanent disability benefits at the expiration of the original award.[1]

Employee's treating physician assigned permanent work restrictions that prevented Employer from returning Employee to his pre-injury employment. However, prior to the expiration of the 76.5 weeks of the original award, Employee began working with Charter Construction ("Charter"). After the original benefit period expired, Employee filed a petition requesting additional permanent disability benefits, alleging his authorized treating physician had assessed a 19% whole body impairment and had executed a physician certification form stating Employee no longer had the ability to perform his pre-injury occupation as contemplated in section 50-6-242(a)(2)(B). The petition additionally asserted that, in his work with Charter, he was not earning an average weekly wage greater than or equal to 70% of his pre-injury average weekly wage as contemplated in section 50-6-242(a)(2)(C).

Employer filed a motion for summary judgment asserting that when Employee's original compensation period expired, "Employee had returned to work for a new employer making greater wages than he was making at the time of his injury." In its statement of undisputed material facts, Employer acknowledged that, at the time of the parties' settlement agreement, the original period of compensation had not yet expired and that Employee retained his right to petition for additional disability benefits once the original compensation period expired. In addition, Employer asserted that Employee "was making wages of $23.00 per hour" at the time of his December 3, 2015 injury; that Employee "was making wages of $25.00 per hour while working for [Charter]" on the date his petition for increased benefits was filed; and that Employee "was making a higher hourly wage at [Charter] when the [original] period of compensation expired . . . than he was making . . . when he was injured." Further, Employer's

---

[1] Tennessee Code Annotated section 50-6-207(3)(A) defines "original award" as "sixty-six and two-thirds percent (66 2/3%) of the employee's average weekly wages for the period of compensation, which shall be determined by multiplying the employee's impairment rating by four-hundred fifty (450) weeks."

2

statement of undisputed material facts asserted that Employee had testified in his deposition that his compensation at Charter was $750.00 per week; that he worked "right at 30" hours per week; that a condition of Employee's acceptance of the job with Charter was "that [Charter] pay [Employee] at least the same hourly rate that he was making [at Employer]"; and that Charter was able to meet [Employee's] demand for an hourly wage at least as high as he was making [at Employer]."

In response to Employer's statements of undisputed material facts, Employee admitted he "was making wages of $23.00 per hour at the time of his injury" but asserted Employer's statement was "not entirely accurate," adding that he also worked a lot of overtime with Employer for which he was paid $34.50 per hour for all work over forty hours per week, and that his wages "for the 52 weeks prior to [his] December 3, 2015 injury were $60,526.29."  Employee also admitted Employer's statement that Employee "was making wages of $25.00 per hour while working for [Charter]" on the date the original compensation period ended, but added "this statement was taken out of context in my deposition."  Responding further to this statement, Employee explained:

> When interviewing for the job with [Charter], I stated that I would like to make at least the hour [sic] rate I was paid at [Employer] and Richard Wilson, the man who hired me, agreed to pay me $25.00 an hour for a work week right at 30 hours.
>
> . . . .
>
> I am paid a salary of $40,000.00 for my job with [Charter], which is paid at the rate of $769.23 per week.

Employee also submitted an affidavit from Richard Wilson in response to Employer's motion for summary judgment.  The affidavit stated that Mr. Wilson was "an officer and part owner of [Charter]" and that he hired Employee "at a salary of approximately $40,000.00 per year for a work week of approximately 30 hours."  Further, the affidavit stated that "[f]or payroll purposes," Employee was paid $769.23 weekly; that Employee's hours of work varied, "but he is paid the salary regardless of the hours worked"; and that the wages paid to Employee for the period of January 5, 2018 through December 28, 2018 totaled $40,188.42.

Employer argued in the trial court that the court should grant summary judgment because it had affirmatively negated an essential element of Employee's claim; that is, it had affirmatively negated Employee's assertion that he was not "receiving wages or a salary that was less than 100% of the wages or salary that [Employee] received from [Employer] on the date of injury."  In support of its position, Employer relied on *Marshall v. Mueller Company*, No. 2015-01-0147, 2016 TN Wrk. Comp. App. Bd. LEXIS 74 (Tenn. Workers' Comp. App. Bd. July 11, 2016), in which we addressed what

3

the term "wage" means in the context of Tennessee Code Annotated section 50-6-207(3)(B), one of the statutory provisions in dispute in this case.

Employee countered that when his original compensation period ended, the wages he received from Charter were less than the wages he earned with Employer at the time of his injury. He contended he was entitled to either increased permanent partial disability benefits in accordance with Tennessee Code Annotated section 50-6-207(3)(B) or extraordinary benefits in accordance with section 50-6-242(a)(2). He asserted that, because he was earning a salary and not an hourly wage, *Marshall* is distinguishable.

Analyzing *Marshall* and the statutes in question, the trial court stated the determinative issue was "how the Court should calculate 'wages' as the term is used in section 50-6-207(3)(B)." Stating "the Court finds at least one genuine issue of material fact exists (whether [Employee] is an hourly or salaried employee)," the trial court concluded Employer was not entitled to a judgment as a matter of law and denied its motion for summary judgment. Employer has appealed.

## Standard of Review

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*

## Analysis

The determinative issue on appeal is whether the trial court erred in finding there was a disputed issue of material fact precluding summary judgment. Employer identifies two additional issues on appeal, both of which essentially question the trial court's determination that a disputed factual issue exists.

The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Id.* In reviewing a trial judge's decision on a motion for summary judgment, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all

factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999). We are not to weigh the evidence when evaluating a motion for summary judgment. *See Martin*, 271 S.W.3d at 87.

When considering a motion for summary judgment where the moving party does not bear the burden of proof at trial, the moving party may make the required showing under Rule 56 and shift the burden of production to the nonmoving party either "(1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264; *see also* Tenn. Code Ann. § 20-16-101 (2018).

Initially, we note that section 50-6-242(a)(2) provides for increased benefits "in lieu of the increased benefits for which the employee is eligible under § 50-6-207(3)(B)" if an employee can establish by clear and convincing evidence that "limiting the employee's recovery to the benefits provided by § 50-6-207(3)(B) would be inequitable." Tenn. Code Ann. § 50-6-242(a)(2). However, for an employee to be eligible for benefits as provided in section 50-6-242(a)(2), the employee must be "eligible for benefits under section 50-6-207(3)(B)." *Id.* Accordingly, our analysis must begin with section 50-6-207(3)(B).

In *Marshall*, we addressed an issue of first impression involving the application of section 50-6-207(3)(B) (2015). At issue in *Marshall* was whether the employee's wages at the expiration of the original compensation period were less than the wages she was receiving when her injury occurred, thereby entitling her to increased benefits in accordance with section 50-6-207(3)(B). Unlike the instant case, the employee in *Marshall* returned to work with the same employer for whom she worked at the time of her injury. In addition, there was no contention that the employee was receiving a salary. At the time of her injury, she was earning an hourly "base pay," an hourly "summer hours" bonus, and an hourly "shift differential." When her original period of compensation expired, her hourly base pay exceeded the hourly base pay she was receiving when she was injured, but she was not receiving a summer bonus or shift differential. As a result, the total amount of hourly compensation she was receiving was less than the amount she was receiving at the time of her injury. The employee contended she was entitled to increased benefits because she was "receiving wages or a salary" that was less than 100% of the wages or salary she was receiving when she was injured. We disagreed, concluding the elimination of the bonus did not affect the employee's base rate of pay, which was greater when the original compensation period ended as compared to her base rate of pay when she was injured. *See Marshall*, 2016 TN Wrk. Comp. App. Bd. LEXIS 74, at *23-25.

In the instant case, the trial court emphasized that, unlike the employee in *Marshall*, Employee changed employers before the original compensation period ended.

5

Contrasting Employee's assertion that he was a salaried employee and received the same pay regardless of the number of hours he worked with Employer's assertion that Employee admitted his hourly rate of pay with Charter exceeded his hourly rate of pay with Employer, the trial court concluded that section 50-6-207(3)(B) "requires it to simply compare [Employee's] *total* (100%) wages at [Employer] with his total Charter salary." (Emphasis in original.)[2] Based on the factual dispute as to whether Employee was a salaried employee or hourly employee in his post-injury employment, the trial court determined Employer was not entitled to summary judgment. We agree. There was both contradictory and conflicting testimony regarding whether Employee was paid a salary or was paid an hourly rate for his work with Charter. Thus, there is a genuine issue of material fact to be resolved to determine the applicability of section 50-6-207(3)(B), thereby precluding summary judgment.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.

---

[2] Employer asserts the trial court erred in concluding section 50-6-207(3)(B) requires a court to compare Employee's total wages with Employer with his total Charter salary. We do not find the trial court's conclusion in this regard to be necessary to resolve the summary judgment issue.

6



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Willis T. Good | ) | Docket No. 2017-05-0597 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 99668-2015 |
| | ) | |
| Vickers Concrete Reinforcing, Inc. et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of June, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Rick L. Moore | | | | | X | rmooremh@mooreandhedges.com |
| Gregory H. Fuller | | | | | X | ghfuller@mijs.com |
| Chris G. Rowe | | | | | X | cgrowe@mijs.com |
| Dale A. Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov